UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Justin Hofelich, | CASE NO.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| GNC Holdings, LLC, | **(Jury Trial Requested)** |
| Defendant. | |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination and sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the EEOC on or about February 11, 2025.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Justin Hofelich, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, GNC Holdings, LLC, upon information and belief, is a foreign corporation organized in the State of Delaware, and operating under the laws of the State of South Carolina in this judicial district.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about April 28, 2023, Plaintiff began working for Defendant as a part-time salesperson, but most recently as a manager. At all times, Plaintiff was effective and efficient in his employment.

11. On or about January 25, 2024, a co-worker, Kaylynne Glass, came to the Plaintiff to report sexual harassment by another co-worker, Jordan Taylor. Ms. Glass stated that she had already reported the sexual harassment to District Manager, William Bennet, but that he did not do anything with the report and told her to keep her mouth shut.

12. The Plaintiff, as manager, had the responsibility to report the sexual harassment up the chain of command, and because Mr. Bennett did not report this matter or other matters properly, the Plaintiff reported the matter to Human Resources, Beth Langston. Such actions were protected activity under Title VII.

13. On or about January 26, 2024, Ms. Langston and Mr. Bennett told Plaintiff that he needed to clock out as he had too many hours due to overtime. The Plaintiff drove some supplies to another location off the clock, as there was no one else that could take them to that location. The Plaintiff was then told that he was working off the clock, which was timecard fraud. Said discipline was retaliation and pure pretext for engaging in protected activity.

14. On or about February 12, 2024, the Plaintiff was terminated, due to his reports of sexual harassment on Ms. Glass, which was protected activity. The reason for Plaintiff's termination was mere pretext.

15. It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

16. Despite his reporting the behavior, the Defendant did not take appropriate action to resolve the sexual harassment and disciplined the Plaintiff for reporting it and engaging in protected activity.

17. That the unjust disciplinary actions and termination of Plaintiff with Defendant was the response by Defendant, its agents and servants, to Plaintiff's reports of sexual harassment on a coworker.

18. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

19. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from lost wages, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

### FOR A FIRST CAUSE OF ACTION
### Sexual Harassment - Title VII of Civil Rights Act of 1964

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. Plaintiff is a presumed member of a protected group.  Defendant, as Plaintiff's employer, was wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

    a.  In harassing the Plaintiff for reporting the sexual harassment of a co-worker by another co-worker; and

    b.  In terminating the Plaintiff for engaging in protected activity by reporting the sexual harassment of a co-worker by another co-worker.

22. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, even after the Plaintiff asserted his rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

23. As a direct and proximate result of the acts and practices of Defendant in the wrongul discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

### FOR A SECOND CAUSE OF ACTION
### Retaliation

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions as well as other positions and was an exemplary employee in all respects.  Upon reporting the detrimental treatment and discrimination based on sexual harassment, Plaintiff was terminated

from his position in retaliation for asserting rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

26. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

27. The Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

28. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### Wrongful Discharge in Violation of Public Policy

29. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. That the unjust wrongful discharge and termination of Plaintiff's employment with the Defendant was the response of the Defendant, its agents and servants, to Plaintiff's refusal to allow improper and illegal practice of the business due to a co-worker being sexually harassed by another co-worker.

31. That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature.

32. That the aforesaid discharge of Plaintiff's employment by the Defendant, its agent and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina, *i.e*., allowing one co-worker to sexually harass another co-worker.

33. That as a direct and proximate result of the aforesaid conduct of the Defendant, its agents and servants, the Plaintiff has been damaged as aforesaid, both actual and punitive damages, in such amount as a judge and jury may award.

## FOR A FOURTH CAUSE OF ACTION
### Slander

34. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

35. That the Defendant, its agents and servants, have negligently slandered Plaintiff by publishing by spoken words false, untrue information about him, wrongfully stating that Plaintiff was stealing from company, by a time clock violation, that the Plaintiff did not submit to the company, thereby harming the Plaintiff's reputation.

36. That as a direct and proximate result of the aforesaid conduct of the Defendant, its agents and servants, Plaintiff has been damaged as aforesaid, both actual and punitive, in such an amount as a trier of fact may award.

## **REQUEST FOR RELIEF**

37. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

38. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignity, lost wages, loss of front pay, back pay and other work benefits.

39. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

*(Signature on following page)*

**WIGGER LAW FIRM, INC.**

s/*Jarrel L. Wigger*

Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
April 10, 2025